Fee Paid

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF PENNSYLVANIA

---

**MARC JOHNSON,**

         Plaintiff,

**V.**

**OFFICER ANTHONY M. DILLEY,**
in his individual capacity,
**DISTRICT ATTORNEY MATHEW CULLEN,**
in his/her individual and official capacity,
**THE CITY OF PITTSBURGH,**
a municipal corporation, and
**THE COUNTY OF ALLEGHENY,**
a municipal corporation,

         Defendants.

Docket No. 25-cv-1202



FILED

AUG 06 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

---

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER

# 42 U.S.C. § 1983

## JURY TRIAL DEMANDED

Plaintiff Marc Johnson, by and through his undersigned counsel, brings this action for damages and other relief against Defendants Officer Anthony M. Dilley, Assistant District Attorney Mathew Cullen, the City of Pittsburgh, and the County of Allegheny for the violation of his rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. In support thereof, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States and is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff.

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and § 1343.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as all events and omissions giving rise to the claims occurred within this judicial district.

## II. PARTIES

4. Plaintiff **MARC JOHNSON** is an adult citizen of the United States and a resident of the City of Pittsburgh, Commonwealth of Pennsylvania, (Hereinafter, "The Plaintiff)"

5. Defendant **OFFICER ANTHONY M. DILLEY** is, upon information and belief, an adult individual who, at all times relevant to this Complaint, was employed as a police officer with the City of Pittsburgh Police Department. He was acting under color of state law and within the scope of his employment. He is sued in his individual capacity. (Hereinafter, "The

defendant)

6. Defendant **ASSISTANT DISTRICT ATTORNEY MATHEW CULLEN** is, upon information and belief, an adult individual who, at all times relevant to this Complaint, was employed as a prosecutor with the Allegheny County District Attorney's Office. Defendant Cullen was acting under color of state law and within the scope of his/her employment. Defendant Cullen is sued in his/her individual and official capacity. (Hereinafter "The defendant").

7. Defendant **THE CITY OF PITTSBURGH** is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania. The City is responsible for the operation of the Pittsburgh Police Department and for the training, supervision, and discipline of its officers, including Defendant Dilley. (Hereinafter "the defendant")

8. **THE COUNTY OF ALLEGHENY** is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania. The County is responsible for the operation of the Allegheny County District Attorney's Office and for the training, supervision, and discipline of its prosecutors, including Defendant Cullen. (Hereinafter "the defendant"

## III. FACTUAL ALLEGATIONS

9. On or about October 18, 2024, Plaintiff Marc Johnson was unlawfully seized and arrested by Defendant Officer Dilley [3]

10. Defendant Dilley initiated a criminal proceeding against Plaintiff by filing a criminal complaint, charging him with four misdemeanor offenses: Recklessly Endangering Another Person (18 Pa.C.S. § 2705), Resist Arrest/Other Law Enforce (18 Pa.C.S. § 5104), Evading Arrest or Detention on Foot (18 Pa.C.S. § 5104.2), and Disorderly Conduct Engage in Fighting (18 Pa.C.S. § 5503). **Exhibit A. (Copy of unfiled accusatory instrument)**

11. This arrest was made without probable cause to believe that Plaintiff had committed any crime.[4] Upon information and belief, the criminal complaint filed by Defendant Dilley lacked an official file stamp, further demonstrating the continued lack of probable cause and the illegitimacy of the initial confinement.

12. From the moment of his arrest on October 18, 2024, Plaintiff was subjected to continuous and unlawful confinement.

13. On October 20, 2024, as a direct result of the unlawful arrest and confinement, Plaintiff was subjected to a monetary bail requirement of $10,000.00.[5]

14. On October 30, 2024, at the Lower Court Disposition hearing, the

Commonwealth of Pennsylvania withdrew the substantive charges of Recklessly Endangering Another Person and Disorderly Conduct.’ The withdrawal of these charges at the earliest stage of the proceedings confirmed the continuing lack of probable cause for Plaintiff's arrest and ongoing detention.

15. Despite the clear absence of probable cause, Defendant Cullen, acting in bad faith and outside the scope of his/her prosecutorial duties, continued the prosecution. The subsequent filing of a formal accusatory instrument, the Information, on December 16, 2024, did not cure or time-bar the initial illegal detainment and false imprisonment, but rather transformed the ongoing constitutional violation into a malicious prosecution.’

16. On February 18, 2025, the Court of Common Pleas of Allegheny County changed Plaintiff's bail from $10,000 monetary to $0.00 nonmonetary, a judicial determination that the initial bail was excessive and unnecessary.’

17. For approximately four months, Plaintiff was subjected to an unconstitutionally excessive bail requirement as a direct result of the baseless charges initiated by Defendant Dilley and maliciously continued by Defendant Cullen.

18. On March 25, 2025, Plaintiff's defense counsel was forced to file a Motion to

Compel Discovery due to the prosecution's failure to provide evidence.

19. On March 31, 2025, the Commonwealth, through Defendant Cullen or another agent, filed a Petition for Protective Order in an attempt to avoid its discovery obligations, an act of bad faith constituting an extraordinary circumstance beyond the scope of legitimate prosecutorial function.

20. On that same day, March 31, 2025, the Honorable Thomas P. Caulfield granted Plaintiff's Motion for Discovery and ordered the Commonwealth to produce the requested materials

21. On July 24, 2025, faced with the court's order to produce evidence, the Allegheny County District Attorney's Office entered a *nolle prosequi* on all remaining charges against Plaintiff. See Exhibit B. ( Copy of disposition)

22. The entry of *nolle prosequi* under these circumstances constitutes a favorable termination of the proceedings, indicative of Plaintiff's innocence.

23. The entire nine-month prosecution was maintained without probable cause and with malice.

24. As a direct and proximate result of the Defendants' actions, Plaintiff suffered a deprivation of liberty, emotional distress, humiliation, damage to his reputation,

and incurred financial costs.[7]

## IV. LEGAL CLAIMS

**COUNT I – FALSE ARREST (42 U.S.C. § 1983)**
**(Against Defendant Dilley in his individual capacity)**

25. incorporates by reference all preceding paragraphs.

26. Defendant Dilley, acting under color of state law, intentionally arrested and seized Plaintiff without a warrant or probable cause, in violation of Plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments [9]

27. The lack of probable cause is evidenced by the immediate withdrawal of the only substantive criminal charges against Plaintiff [3]

**COUNT II – FALSE IMPRISONMENT (42 U.S.C. § 1983)**
**(Against Defendant Dilley in his individual capacity)**

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Defendant Dilley, acting under color of state law, subjected Plaintiff to unlawful and intentional confinement from the time of the arrest on October 18, 2024, until the formal initiation of judicial proceedings. This continued detention was without legal justification, was without Plaintiff's consent, and constituted a violation of his right to be free from unreasonable seizure under the Fourth and

Fourteenth Amendments [10]

**COUNT III – MALICIOUS PROSECUTION (42 U.S.C. § 1983)**
**(Against Defendant Dilley and Defendant Cullen in their individual capacities)**

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Defendant Dilley initiated, and Defendant Cullen continued, a criminal proceeding against Plaintiff without probable cause and with malice. Defendant Cullen's actions, including continuing a prosecution after the foundational charges collapsed and filing a protective order to conceal a lack of evidence, were taken in bad faith and constitute extraordinary circumstances outside the function of a prosecutor, thereby violating Plaintiff's rights under the Fourth and Fourteenth Amendments [7]

32. Malice can be inferred from the initiation and continuation of a prosecution without probable cause and the pursuit of baseless charges for nine months, culminating in the abandonment of the case only after being compelled to produce evidence.[7]

**COUNT IV – EXCESSIVE BAIL (42 U.S.C. § 1983)**
**(Against Defendant Dilley and Defendant Cullen in their individual capacities)**

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Defendants Dilley's and Cullen's actions in initiating and continuing a baseless

prosecution caused Plaintiff to be subjected to an excessive bail of $10,000, which was not reasonably calculated to ensure his appearance at trial and served as a tool of pretrial punishment, in violation of the Eighth and Fourteenth Amendments [13]

35. The excessiveness of the bail is evidenced by the subsequent judicial order changing the bail to nonmonetary.[3]

**COUNT V – MUNICIPAL LIABILITY UNDER MONELL (42 U.S.C. § 1983)**
**(Against Defendant City of Pittsburgh and Defendant County of Allegheny)**

36. Plaintiff incorporates by reference all preceding paragraphs.

37. The constitutional violations committed by Defendant Dilley were the direct and proximate result of the official policies, customs, and practices of Defendant City of Pittsburgh, which was the moving force behind the deprivation of Plaintiff's rights.

38. The constitutional violations committed by Defendant Cullen, acting in his/her official capacity, were the direct and proximate result of the official policies, customs, and practices of Defendant County of Allegheny, which was the moving force behind the deprivation of Plaintiff's rights.

39. Upon information and belief, Defendant City of Pittsburgh and Defendant County of Allegheny have widespread and persistent customs and practices of

failing to adequately train, supervise, and discipline their police officers and prosecutors, respectively, which amounts to deliberate indifference to the constitutional rights of persons, including Plaintiff.

40. This custom and practice is evidenced by, among other things, a history of misconduct by Pittsburgh Bureau of Police ("PBP") officers. An investigation by the United States Department of Justice previously uncovered a "pattern or practice by PBP officers of frequently using excessive force... and falsely arresting, and improperly stopping, searching, and seizing individuals. ".[15]

41. The City of Pittsburgh has demonstrated deliberate indifference by failing to adequately discipline its officers for misconduct.

42. The DOJ investigation found that PBP management engaged in a pattern designed to avoid disciplining officers and that a significant number of sustained complaints resulted in no discipline.[15] Data from the city's Office of Municipal Investigations [OMI] shows that from 2010 through October 2020, only 10.6% of the 3,950 allegations against officers were sustained.[16] In one year, out of 549 incidents where subjects resisted arrest, only 27 use-of-force complaints were handled by OMI, resulting in discipline for only a single officer.[17]

43. This failure to discipline has fostered a culture of impunity, encouraging

officers like Defendant Dilley to believe they can violate constitutional rights without fear of repercussion.

44. The City of Pittsburgh and the County of Allegheny have been on notice of these patterns of misconduct through numerous civil rights lawsuits alleging false arrest, malicious prosecution, and excessive force, which have resulted in significant monetary settlements.[18] Despite this notice, the City and County have failed to take adequate remedial action.

45. The City of Pittsburgh's failure to adequately train its officers on the constitutional limits of their authority, and the County of Allegheny's failure to adequately train its prosecutors on their constitutional obligations, directly caused the false arrest, false imprisonment, and malicious prosecution of Plaintiff.

46. As a direct result of these policies, customs, and practices, Plaintiff suffered the constitutional deprivations described herein.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marc Johnson respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, and award him:

a. Compensatory damages in an amount to be determined at trial for his injuries, including deprivation of liberty, emotional distress, humiliation, and financial loss 7;

b. Punitive damages against Defendant Dilley and Defendant Cullen, in their individual capacities, in an amount to be determined at trial for their malicious and reckless conduct 7;

c. Reasonable attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**The Petitioner swears under the penalty of perjury pursuant to 28 U.S.C. 1746 that he has read the contents of the petition and finds it true and correct and is not being used to harass the defendants**

Respectfully submitted,

*Marc Johnson*

**Marc Johnson**

**Post Office Box 23443**

**Pittsburgh, PA 15222**