**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARC JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER ANTHONY M. DILLEY, DISTRICT ATTORNEY MATTHEW CULLEN, THE CITY OF PITTSBURGH and THE COUNTY OF ALLEGHENY,<br><br>Defendants. | ) | Civil Action No. 25-1202 |

**MEMORANDUM OPINION**

Plaintiff Marc Johnson ("Plaintiff") filed his Complaint (Docket No. 1) in this matter pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by Defendant Officer Anthony M. Dilley ("Officer Dilley") and others, during his arrest on October 18, 2024, and in the course of the subsequent prosecution of charges against him. Presently before the Court is Officer Dilley's Motion to Dismiss Plaintiff's Complaint (the "Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and supporting brief (Docket Nos. 22, 23), Plaintiff's brief in opposition[1] (Docket No. 43), and Officer Dilley's reply brief (Docket No. 47). For the following reasons, Officer Dilley's Motion will be granted and Plaintiff's claims against Officer Dilley will be dismissed without prejudice.

## I. BACKGROUND

The Court presents herein an abbreviated version of the relevant facts, viewed in the light most favorable to Plaintiff, as alleged in the Complaint[2] and as set forth in certain additional

1 The Court notes that Plaintiff's brief contains numerous footnote indicators, but no footnote text.

2 Plaintiff contends that this Court has subject matter jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343. (Docket No. 1, ¶ 2).

documents that are properly considered by the Court in considering the Rule 12(b)(6) motion here. On October 18, 2024, Plaintiff was arrested by Officer Dilley and charged in a Police Criminal Complaint ("Criminal Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania, with one count each of the following offenses: Recklessly Endangering Another Person, in violation of 18 Pa. C.S.A. § 2705; Resisting Arrest, in violation of 18 Pa. C.S.A. § 5104; Evading Arrest, in violation of 18 Pa. C.S.A. § 5104.2(a); and Disorderly Conduct, in violation of 18 Pa. C.S.A. § 5503(a)(1). (Docket No. 12-1).

According to the Affidavit of Probable Cause attached to the Criminal Complaint,[3] Officer Dilley (an officer with the Pittsburgh Bureau of Police) was working an approved secondary employment detail at a farmers' market in the City of Pittsburgh, when he heard a male voice call out, "Hey Officer Dilley." (Docket No. 12-1 at 6). As they had had prior interactions, Officer Dilley immediately recognized the speaker as Plaintiff. (*Id.*). Officer Dilley was also aware that Plaintiff had several active warrants for his arrest at that time. (*Id.*). Officer Dilley advised Plaintiff of the existence of such arrest warrants, and that Plaintiff should walk outside the farmers' market so that he could be taken into custody away from the crowd. (*Id.*). As they exited the main portion of the farmers' market, Officer Dilley explained to Plaintiff that he would be detained while the arrest warrants were confirmed, at which point Plaintiff immediately began to walk away

---

[3] Although Plaintiff attached to his Complaint in this case the underlying state court Criminal Complaint, he omitted the Affidavit of Probable Cause that was a required attachment to the Criminal Complaint. *See Sanders v. Mullaney*, No. 1:22-CV-00355, 2025 WL 3704294, at *4 (Dec. 22, 2025) (noting that an affidavit is required when the charging officer also requests an arrest warrant). That full document, the Criminal Complaint with attached Affidavit of Probable Cause, is referred to herein and is attached to the Motion to Dismiss filed in this case by Defendant District Attorney Matthew Cullen. (Docket No. 12-1). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Here, the Affidavit of Probable Cause is a matter of public record and is also integral to Plaintiff's claims, *see infra*. The Court may consider and rely on the full text of the Criminal Complaint and attached Affidavit of Probable Cause, since Plaintiff has conceded its relevance and accuracy by attaching a portion of it to the Complaint and by relying on it in alleging the claims in his Complaint and in referring to it in his brief opposing Officer Dilley's motion to dismiss.

from Officer Dilley. (*Id.*). When Officer Dilley told Plaintiff to stop, Plaintiff began running and Officer Dilley chased him on foot. (*Id.).* Plaintiff fled into the farmers' market, and Officer Dilley chased him through a crowd of people and approximately six separate stands selling farmers' market items. (*Id.*). The pursuit lasted approximately 45 seconds, at which point a bystander tripped Plaintiff, who fell into a stand selling items out of glass bottles. (*Id.*). Plaintiff knocked the stand over and fell into a crowd of people in the walkway. (*Id.*) Plaintiff got back up and took about eight more steps, until he was again pushed by a bystander. (*Id.*). Plaintiff fell again and narrowly missed hitting a person who was seated in a chair speaking to a group of children. (*Id.*).

Officer Dilley then attempted to take Plaintiff into custody and ordered him to place his hands behind his back. (Docket No. 12-1 at 6). Plaintiff did not comply, rolled onto his back, and said "why" when advised to follow commands and roll onto his belly. (*Id.*). Officer Dilley had to physically roll Plaintiff onto his belly, while Plaintiff actively resisted and attempted to get back up onto his knees. (*Id.*). After a brief struggle, Officer Dilley was able to take Plaintiff into custody. (*Id.*).

Plaintiff's preliminary arraignment was held and bail was set by a Magisterial District Judge on or about October 20, 2024.[4] (Docket No. 23-1 at 1-3). A hearing in Plaintiff's criminal case based on the above incident was held on October 30, 2024. (*Id.* at 3). The docket of the criminal case indicates that Plaintiff was present at the hearing, that the charges for Recklessly Endangering Another Person and Disorderly Conduct were withdrawn at that time, and that

---

[4] Defendant attached to his brief in support of his Motion to Dismiss a copy of the Magisterial District Court Docket. (Docket No. 23-1). As noted, *supra*, with regard to the Affidavit of Probable Cause attached to the underlying Criminal Complaint here, the Court may consider the Magisterial District Court docket and the Court of Common Pleas docket since, in resolving a Rule 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or that are essential to a plaintiff's claim that are attached to a defendant's motion. *See Colbert v. Mercy Behav. Health*, 845 F. Supp. 2d 633, 637 (W.D. Pa. 2012) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Plaintiff waived his right to a preliminary hearing on the remaining charges of Resisting Arrest and Evading Arrest. (*Id.* at 2). Plaintiff was formally arraigned on December 17, 2024, on the remaining charges. (Docket No. 23-2 at 1). Plaintiff's bail was altered by Order of Court on February 18, 2025, from a monetary bond to non-monetary conditions of release. (Docket No. 23-1 at 2). The charges against Plaintiff were withdrawn and an order of *nolle prosequi* was entered on July 24, 2025. (Docket No. 23-2 at 4).

The Complaint in this case, which is based on the events surrounding Plaintiff's arrest, detention, and the Criminal Complaint filed against him in state court, alleges a variety of claims against a number of Defendants. Four claims are alleged against Officer Dilley pursuant to 42 U.S.C. § 1983: Count I, False Arrest (against Officer Dilley in his individual capacity); Count II, False Imprisonment (against Officer Dilley in his individual capacity); Count III, Malicious Prosecution (against Officer Dilley and Defendant District Attorney Matthew Cullen in their individual capacities); and Count IV, Excessive Bail (against Officer Dilley and Defendant Assistant District Attorney Matthew Cullen in their individual capacities). (Docket 1 at 7-9). Officer Dilley has filed his Motion to Dismiss the Complaint, the motion has been fully briefed by the parties, and it is ripe for decision.[5]

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d

[5] The other Defendants named in this case have filed motions to dismiss Plaintiff's claims against them as well. Those motions are being addressed by the Court in separate Memorandum Opinions and Orders.

Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a

claim. *See id.* (citing *Iqbal*, 556 U.S. at 675). Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**B. <u>Qualified Immunity</u>**

The qualified immunity doctrine "shield[s] government officials performing discretionary functions . . . 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not a "mere defense to liability" but rather it is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is thus important to "'resolv[e] immunity questions at the earliest possible stage in litigation.'" *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). In considering a claim of qualified immunity, a court must determine both whether the plaintiff has shown a violation of a constitutional right, and whether the right was "clearly established" at the time of the alleged constitutional violation. *See id.* (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

**C. <u>*Pro Se* Pleadings</u>**

Although courts must generally construe *pro se* pleadings liberally pursuant to Rule 8(a)(2), courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted references. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

## III. DISCUSSION

As noted, Plaintiff brings his constitutional claims in this case pursuant to 42 U.S.C. § 1983, which does not create any substantive rights, but instead provides a remedy for deprivations of rights created by the Constitution of the United States or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Accordingly, "[t]o state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff asserts here that Officer Dilley violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

### A. Fourth Amendment Claims of False Arrest and False Imprisonment

In Counts I and II of the Complaint, Plaintiff alleges that Officer Dilley violated his rights under the Fourth Amendment[6] by falsely arresting and falsely imprisoning him. (Docket No. 1 at 7-8). Claims for false arrest and false imprisonment both require that Plaintiff show the absence of probable cause. *See Basile v. Township of Smith*, 752 F. Supp. 2d 643, 651, 658 (3d Cir. 2007) (explaining that, "to succeed on their false arrest claim under Section 1983, Plaintiffs must show that the arresting officers . . . lacked probable cause to arrest them"); *Sershen v. Cholish*, Civ.

[6] Plaintiff also brings this claim under the Fourteenth Amendment, but as discussed, *infra*, Plaintiff indicates that he wishes to withdraw such claim to the extent it is brought under the Fourteenth Amendment.

Action No. 3:07-CV-1011, 2007 WL 3146357, at *9-10 (M.D. Pa. 2007) (stating that "[w]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest" (internal quotation marks and citation omitted)). "Probable cause is made out when 'the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.'" *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (quoting *Commonwealth v. Rodriguez*, 585 A.2d 988, 990 (Pa. 1991)); *see Curcio v. Schwartz*, Civ. Action No. 12-1190, 2013 WL 265801, at *3 (W.D. Pa. Jan. 22, 2013).

The Affidavit of Probable Cause attached to the Criminal Complaint – which Plaintiff relies upon to support the allegations as an integral part of his Complaint in this case, *see, supra* – sets forth information relevant to the Court's determination of whether Plaintiff has pled sufficient facts showing that Officer Dilley lacked probable cause to arrest Plaintiff on the date in question. (Docket No. 12-1). The Affidavit of Probable Cause shows that Officer Dilley knew Plaintiff prior to October 18, 2024, and that Officer Dilley knew of the existence of outstanding warrants for Plaintiff's arrest at that time. (*Id.*). When Officer Dilley encountered Plaintiff that day, he informed Plaintiff that he was going to detain him while he verified those warrants, at which point Plaintiff fled into a crowd of people and Officer Dilley pursued him. (*Id.*). Thus, on October 18, 2024, in addition to knowing of the active arrest warrants, Officer Dilley also observed Plaintiff commit the offenses with which he was charged. (*Id.*).

Such facts and circumstances known to Officer Dilley at the time he arrested Plaintiff on October 18, 2024, clearly indicate to the Court that Officer Dilley had probable cause to detain and arrest Plaintiff at that time. As Plaintiff has failed to show in his Complaint that there was a

lack of probable cause for Officer Dilley to arrest and detain him, Plaintiff has failed to state claims for both false arrest and false imprisonment. Moreover, even if the Court had declined to consider the Criminal Complaint and Affidavit of Probable Cause in evaluating the sufficiency of Plaintiff's Complaint here, the Court would still have found that Plaintiff makes only bare-bones, conclusory allegations regarding False Arrest and False Imprisonment in his Complaint, and he fails to provide factual allegations in support of such claims. Accordingly, Counts I and II will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**B. Fourth Amendment Claim of Malicious Prosecution**

In Count III, Plaintiff alleges a claim of malicious prosecution in violation of the Fourth Amendment.[7] (Docket No. 1 at 8). In order to prevail here on a malicious prosecution claim brought under § 1983, Plaintiff must prove that:

> (1) the defendant[] initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). To satisfy the second requirement, a favorable termination, Plaintiff must show that "the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022). The favorable termination need not, however, include an affirmation of the plaintiff's innocence. *See id.* Here again, the allegations in the Complaint and the underlying Criminal Complaint (considered in conjunction with its attached Affidavit of Probable Cause) show that probable cause existed to initiate the underlying criminal proceedings.

With regard to Recklessly Endangering Another Person, 18 Pa. C.S.A. § 2705 provides,

---

[7] Plaintiff also brings this claim under the Fourteenth Amendment, but as discussed, *infra*, Plaintiff indicates that he wishes to withdraw such claim to the extent it is brought under the Fourteenth Amendment.

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." As to Resisting Arrest, 18 Pa. C.S.A. § 5104 states, "A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." As for Evading Arrest, 18 Pa. C.S.A. § 5104.2(a) provides, "A person commits an offense if the person knowingly and intentionally flees on foot from a public servant attempting to lawfully arrest or detain that person." Regarding Disorderly Conduct, 18 Pa. C.S.A. § 5503(a)(1) states, "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior." Upon consideration of the alleged facts and circumstances set forth in the Background Section, of which Officer Dilley was aware, *see*, *supra*, the Court finds that such alleged facts and circumstances were sufficient to warrant a man of reasonable caution to believe that Plaintiff had committed these offenses.

Because Plaintiff has failed to plausibly allege facts showing that the requisite probable cause to initiate proceedings was lacking here, he has failed to allege a claim of malicious prosecution. Count III will therefore be dismissed pursuant to Rule 12(b)(6) as well.

### C. <u>Eighth Amendment Claim for Excessive Bail</u>

In Count IV, Plaintiff alleges that Officer Dilley (and Defendant Assistant District Attorney Matthew Cullen) caused him to be subjected to excessive bail in violation of the Eighth Amendment.[8] (Docket No. 1 at 8-9). In order to state a claim for Excessive Bail under § 1983, a

[8] Again, Plaintiff brings this claim under the Fourteenth Amendment, but as discussed, *infra*, Plaintiff indicates that he wishes to withdraw such claim to the extent it is brought under the Fourteenth Amendment.

plaintiff "must allege facts showing that his bail was excessive in violation of the Eighth Amendment." *Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 412 (W.D. Pa. 2015) (internal quotation marks and citation omitted). To establish personal liability under Section 1983, a plaintiff must show that the defendant had personal involvement in the alleged wrong. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, individual liability can attach only if a state actor played an "affirmative part" in the alleged misconduct, and personal involvement can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *See id; Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

In accordance with Pennsylvania law and the Local Rules of the Court of Common Pleas of Allegheny County, Criminal Division, bail is determined and set by the "bail authority." Pa. R. Crim P. 520; All. C.R. Crim. P. 528.1. The bail authority is "the magisterial district judge, magistrate, Philadelphia arraignment court magistrate, or the judge" with jurisdiction over a case. *See* Pa. R. Crim. P. 103. The bail authority must "determine whether to release a defendant, and what conditions, if any, to impose," and "the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings." Pa. R. Crim. P. 523; *see also* All. C.R. Crim. P. 528.1 (entitled, "Percentage Cash Bail").

Officer Dilley argues that, under the law, he was not the individual who set Plaintiff's bail and release conditions, and Plaintiff has also not pled allegations demonstrating that Officer Dilley was involved or played any affirmative role in Plaintiff's bail determination. Therefore, Officer Dilley contends that Plaintiff has not alleged facts showing any connection between Officer Dilley and the setting of Plaintiff's bail (*i.e.*, personal involvement on Officer's Dilley's part), so the Eighth Amendment claim against him should be dismissed.

The Court agrees. The Complaint alleges simply that Officer's Dilley's actions in initiating and continuing a baseless prosecution caused Plaintiff to be subjected to an excessive bail of $10,000, and that it is evident that this is an excessive amount because it was later altered to non-monetary conditions of release. (Docket No. 1 at 8-9). In his opposition brief, Plaintiff argues that Officer Dilley was personally involved when he drafted and swore to the Affidavit of Probable Cause, which included the false and inflammatory charge of Reckless Endangerment of Another Person, and which the Magistrate relied upon in setting the monetary bail. (Docket No. 43 at 5-6). There are, however, no such allegations in the Complaint (nor is the Court convinced that such allegations would necessarily cure the Complaint's deficiencies in this regard).

Therefore, as Plaintiff has failed to allege facts demonstrating that Officer Dilley was personally involved in setting his bail, Plaintiff has failed to state a claim of Excessive Bail against Officer Dilley in violation of the Eighth Amendment. Accordingly, such claim will be dismissed under Rule 12(b)(6). *See, e.g.*, *Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) where plaintiffs failed to set forth sufficient facts to show that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

### D. Fourteenth Amendment Claims and the Explicit Source Rule

In his Motion, Officer Dilley argues that Plaintiff's claims under the Fourteenth Amendment are barred by the "explicit source rule" under which, where a particular Constitutional Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). (Docket No. 23 at 13-14).

Plaintiff agrees. (Docket No. 43 at 6). Accordingly, Plaintiff states that he voluntarily withdraws his duplicative references in the Complaint to the Fourteenth Amendment, and he concedes that his claims for False Arrest and False Imprisonment (Counts I and II) and Malicious Prosecution (Count III) should proceed solely under the Fourth Amendment, and his claim for Excessive Bail (Count IV) should proceed solely under the Eighth Amendment. (*Id.*).

As Plaintiff's claims against Officer Dilley will be dismissed without prejudice, *see*, *infra*, should Plaintiff choose to file an amended complaint in this matter, he may amend his claims at that time. *See, e.g.*, *Kirk v. Pennsylvania Dep't of Corrs.*, No. 1:22-CV-00261, 2023 WL 3955345, at *1 n.3 (W.D. Pa. June 12, 2023) (explaining that the proper procedure for the voluntary dismissal of fewer than all claims against certain defendants is the filing of an amended complaint).

**E. <u>Qualified Immunity</u>**

Although the Court is dismissing Plaintiff's claims for failure to state a claim upon which relief can be granted, the Court will still consider Officer Dilley's argument that he is entitled to qualified immunity in this matter. *See Roth v. City of Hermitage*, 709 F. App'x 733, 736 (3d Cir. 2017) ("Failing to consider the qualified immunity defense before dismissing without prejudice on the merits was error because the District Court failed to resolve a motion asserting qualified immunity . . . at the earliest possible stage in the litigation." (internal quotation marks and citation omitted)). In addition to arguing that Plaintiff fails to state a cognizable claim under Rule 12(b)(6), Officer Dilley contends that he is entitled to qualified immunity for his actions at this stage of the litigation because Plaintiff's claims do not establish the violation of any clearly established rights. (Docket No. 23 at 14-16). However, because Officer Dilley raises this argument somewhat briefly, nor does he further discuss it in a reply brief, and since Plaintiff will be given leave to amend his claims, the Court will not address qualified immunity at great length at this time.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A federal right is clearly established for qualified immunity purposes if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Additionally, qualified immunity must be assessed in the context of each individual defendant's specific conduct, including "'an analysis of the facts adduced concerning the conduct of the official'" claiming immunity. *Griffin-El v. Beard*, 411 F. App'x 517, 519 (3d Cir. 2011) (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)).

A Court may find that a municipal official is entitled to qualified immunity at the motion to dismiss stage if "(1) the facts alleged show the [official's] conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific context of the case." *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010)). Thus, "qualified immunity should only be granted on a motion to dismiss when it is 'established on the face of the complaint.'" *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)).

Here, the facts alleged in the Complaint do not make clear that Officer Dilley's conduct did not violate a constitutional right, or that such right was not clearly established. Because the Complaint does not show that Officer Dilley's actions did not violate a clearly established constitutional right, dismissal on qualified immunity grounds is premature. *See Thomas*, 463 F.3d at 291 (a dismissal based on qualified immunity will be upheld "'only when the immunity is

established on the face of the complaint'" (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001))). Additionally, in accordance with Plaintiff's request, and mindful of his pro se status, the Court will permit Plaintiff to amend his Complaint. Therefore, if Plaintiff chooses to amend his Complaint, he should provide a more definite statement of his claims, and the specific right at issue here, so that the qualified immunity issue may be resolved expeditiously and without "subjecting the [i]ndividual [d]efendant[] who may be immune from suit to needless discovery and the other burdens of litigation." *Id.* at 299.

Accordingly, at this juncture, the Court will decline to grant Officer Dilley's motion to dismiss to the extent it is based on qualified immunity grounds. *See Debrew v. Auman*, 354 F. App'x 639, 642 (3d Cir. 2009) (vacating order granting motion to dismiss certain claims on qualified immunity grounds because the sparse complaint "failed to disclose whether the defendants' actions did not violate a clearly established constitutional right" and therefore "dismissal on qualified immunity grounds was premature" (citing *Thomas*, 463 F.3d at 291)); *see also Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning against deciding qualified immunity without a developed factual record). However, given that the Court is granting Officer Dilley's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), Officer Dilley is free to raise his qualified immunity argument, if appropriate, in response to an amended complaint if Plaintiff chooses to re-allege claims against him.

## IV. CONCLUSION

For the reasons stated, Officer Dilley's Motion to Dismiss Plaintiff's Complaint will be granted, and Plaintiff's claims against Officer Dilley will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As the Court finds that permitting amendment of the claims against Officer Dilley would be neither futile nor inequitable, the

dismissal will be without prejudice to amendment. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (stating that if a civil rights complaint fails to state a claim, a district court must grant leave to amend unless such amendment would be futile or inequitable).

An appropriate Order follows.

Dated: August 27, 2026

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record
Marc Johnson (via U.S. Mail)