**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARC JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER ANTHONY M. DILLEY, DISTRICT ATTORNEY MATTHEW CULLEN, THE CITY OF PITTSBURGH and THE COUNTY OF ALLEGHENY,<br><br>Defendants. | ) | Civil Action No. 25-1202 |

**MEMORANDUM OPINION**

Plaintiff Marc Johnson ("Plaintiff") filed his Complaint (Docket No. 1) in this matter pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Defendant Allegheny County Assistant District Attorney Matthew Cullen ("ADA Cullen") and others during his arrest on October 18, 2024, and in the course of the subsequent prosecution of charges against him. Presently before the Court is ADA Cullen's Motion to Dismiss Plaintiff's Complaint (the "Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and supporting brief (Docket Nos. 12, 13), Plaintiff's brief in opposition (Docket No. 21), and ADA Cullen's reply brief (Docket No. 33). For the following reasons, ADA Cullen's Motion will be granted and Plaintiff's claims against ADA Cullen will be dismissed with prejudice.

## I. BACKGROUND

The Court presents herein an abbreviated version of the relevant facts, viewed in the light most favorable to Plaintiff, as alleged in the Complaint[1] and as set forth in certain additional

[1] Plaintiff contends that this Court has subject matter jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343. (Docket No. 1, ¶ 2).

documents that are properly considered by the Court in considering the Rule 12(b)(6) motion here. On October 18, 2024, Plaintiff was arrested and charged in a Police Criminal Complaint ("Criminal Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania, with one count each of the following offenses: Recklessly Endangering Another Person, in violation of 18 Pa. C.S.A. § 2705; Resisting Arrest, in violation of 18 Pa. C.S.A. § 5104; Evading Arrest, in violation of 18 Pa. C.S.A. § 5104.2(a); and Disorderly Conduct, in violation of 18 Pa. C.S.A. § 5503(a)(1). (Docket No. 12-1).

According to the Affidavit of Probable Cause attached to the Criminal Complaint,[2] Officer Anthony M. Dilley ("Officer Dilley"), an officer with the Pittsburgh Bureau of Police who is also named as a Defendant in this matter, was working an approved secondary employment detail at a farmers' market in the City of Pittsburgh, when he heard a male voice call out, "Hey Officer Dilley." (Docket No. 12-1 at 6). As they had had prior interactions, Officer Dilley immediately recognized the speaker as Plaintiff. (*Id.*). Officer Dilley was also aware that Plaintiff had several active warrants for his arrest at that time. (*Id.*). Officer Dilley advised Plaintiff of the existence of such arrest warrants, and that Plaintiff should walk outside the farmers' market so that he could be taken into custody away from the crowd. (*Id.*). As they exited the main portion of the farmers' market, Officer Dilley explained to Plaintiff that he would be detained while the arrest warrants were confirmed, at which point Plaintiff immediately began to walk away from Officer Dilley.

[2] Although Plaintiff attached to his Complaint in this case the underlying state court Criminal Complaint, he omitted the Affidavit of Probable Cause that was a required attachment to the Criminal Complaint. *See Sanders v. Mullaney*, No. 1:22-CV-00355, 2025 WL 3704294, at *4 (Dec. 22, 2025) (noting that an affidavit is required when the charging officer also requests an arrest warrant). That full document, the Criminal Complaint with attached Affidavit of Probable Cause, is referred to herein and is attached to ADA Cullen's Motion. (Docket No. 12-1). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Here, the Affidavit of Probable Cause is a matter of public record and is also integral to Plaintiff's claims, *see infra*. The Court may consider and rely on the full text of the Criminal Complaint and attached Affidavit of Probable Cause, since Plaintiff has conceded its relevance and accuracy by attaching a portion of it to the Complaint and by relying on it in alleging the claims in his Complaint.

(*Id.*). When Officer Dilley told Plaintiff to stop, Plaintiff began running and Officer Dilley chased him on foot. (*Id.).* Plaintiff fled into the farmers' market, and Officer Dilley chased him through a crowd of people and approximately six separate stands selling farmers' market items. (*Id.*). The pursuit lasted approximately 45 seconds, at which point a bystander tripped Plaintiff, who fell into a stand selling items out of glass bottles. (*Id.*). Plaintiff knocked the stand over and fell into a crowd of people in the walkway. (*Id.*) Plaintiff got back up and took about eight more steps, until he was again pushed by a bystander. (*Id.*). Plaintiff fell again and narrowly missed hitting a person who was seated in a chair speaking to a group of children. (*Id.*).

Officer Dilley then attempted to take Plaintiff into custody and ordered him to place his hands behind his back. (Docket No. 12-1 at 6). Plaintiff did not comply, rolled onto his back, and said "why" when advised to follow commands and roll onto his belly. (*Id.*). Officer Dilley had to physically roll Plaintiff onto his belly, while Plaintiff actively resisted and attempted to get back up onto his knees. (*Id.*). After a brief struggle, Officer Dilley was able to take Plaintiff into custody. (*Id.*).

Plaintiff's preliminary arraignment was held and bail was set by a Magisterial District Judge on or about October 20, 2024.[3] (Docket No. 23-1 at 1-3). A hearing in Plaintiff's criminal case based on the above incident was held on October 30, 2024. (*Id.* at 3). The docket of the criminal case indicates that Plaintiff was present at the hearing, that the charges for Recklessly Endangering Another Person and Disorderly Conduct were withdrawn at that time, and that

[3] Defendant Officer Dilley attached to his brief in support of his Motion to Dismiss a copy of the Magisterial District Court Docket. (Docket No. 23-1). As noted, *supra,* with regard to the Affidavit of Probable Cause attached to the underlying Criminal Complaint here, the Court may consider the Magisterial District Court docket and the Court of Common Pleas docket since, in resolving a Rule 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or that are essential to a plaintiff's claim that are attached to a defendant's motion. *See Colbert v. Mercy Behav. Health*, 845 F. Supp. 2d 633, 637 (W.D. Pa. 2012) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Plaintiff waived his right to a preliminary hearing on the remaining charges of Resisting Arrest and Evading Arrest. (*Id.* at 2). Plaintiff's bail was altered by Order of Court on February 18, 2025, from a monetary bond to non-monetary conditions of release. (Docket No. 23-1 at 2).

As to the allegations relevant to ADA Cullen specifically, Plaintiff alleges that on December 16, 2024, ADA Cullen "continued the prosecution" of Plaintiff by filing an "Information."[4] (Docket No. 1, ¶ 15). Plaintiff also avers that on March 25, 2025, his defense counsel "was forced to file a Motion to Compel Discovery." (*Id.* ¶ 18). Plaintiff further alleges that "the Commonwealth, through [ADA] Cullen or another agent, filed a Petition for Protective Order" to avoid its discovery obligations. (*Id.* ¶ 19). Plaintiff alleges that on March 31, 2025, "the Honorable Thomas P. Caulfield granted Plaintiff's Motion for Discovery and ordered the Commonwealth to produce the requested materials." (*Id.* ¶ 20). Finally, Plaintiff avers that on July 24, 2025, "the Allegheny County District Attorney's Office entered an order of *nolle prosequi* on the two remaining charges against Plaintiff." (*Id.* ¶ 21).

As noted above, the Complaint in this case, which is based on the events surrounding Plaintiff's arrest, detention and prosecution of the Criminal Complaint filed against him in state court, alleges a variety of claims against a number of Defendants pursuant to 42 U.S.C. § 1983. Only two claims are alleged against ADA Cullen: Count III, Malicious Prosecution (against Officer Dilley and ADA Cullen, in their individual capacities); and Count IV, Excessive Bail (against Officer Dilley and ADA Cullen in their individual capacities). (Docket 1 at 8-9). ADA Cullen has filed his Motion to Dismiss the Complaint, the motion has been fully briefed by the

---

[4] A copy of the Information (which is a court filing that the Court may properly consider here) referenced in Paragraph 15 of the Complaint is attached to ADA Cullen's Motion to Dismiss as "Exhibit C." (Docket No. 12-3).

parties, and it is ripe for decision.[5]

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability

---

[5] The other Defendants named in this matter have filed motions to dismiss Plaintiff's claims against them as well. Those motions are being addressed by the Court in separate Memorandum Opinions and Orders.

requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a claim. *See id.* (citing *Iqbal*, 556 U.S. at 675). Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**B. *Pro Se* Pleadings**

Although courts must generally construe *pro se* pleadings liberally pursuant to Rule 8(a)(2), courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted references. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

## III. DISCUSSION

Plaintiff brings his constitutional claims in this case pursuant to 42 U.S.C. § 1983, which does not create any substantive rights, but instead provides a remedy for deprivations of rights created by the Constitution of the United States or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Accordingly, "[t]o state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff asserts here that ADA Cullen violated his rights under the Fourth, Eighth, and Fourteenth Amendments[6] to the Constitution of the United States by maliciously prosecuting his case and by subjecting him to excessive bail.

In moving to dismiss Plaintiff's claims against him, ADA Cullen argues that such claims must be dismissed with prejudice because he is entitled to absolute immunity from liability for actions taken in connection with judicial proceedings. (Docket No. 13 at 7-10). *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), *aff'd sub nom Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). ADA Cullen contends that his alleged actions here were clearly taken in connection with judicial proceedings while he was acting in his capacity as a prosecutor for the Commonwealth of Pennsylvania. (Docket No. 13 at 7).

To determine whether absolute prosecutorial immunity applies, the Court of Appeals for

---

[6] Although Plaintiff indicates in the Complaint that he brings certain claims under the Fourteenth Amendment as well as the Fourth and Eighth Amendments, in his brief in response to Defendant Officer Dilley's motion to dismiss, Plaintiff indicates that he wishes to withdraw his claims to the extent they are brought under the Fourteenth Amendment, and he concedes that his Malicious Prosecution claim (Count III) should proceed solely under the Fourth Amendment, and his Excessive Bail claim (Count IV) should proceed solely under the Eighth Amendment. (Docket No. 43 at 6). Therefore, the Court will not address Plaintiff's claims to the extent they are brought under the Fourteenth Amendment.

the Third Circuit applies a two-step analysis: "First, we ascertain just what conduct forms the basis for plaintiff's cause of action. Then, we determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Roberts v. Lau*, 90 F.4th 618, 625 (3d Cir. 2024) (internal quotation marks and citation omitted). Specifically, "courts must focus upon the functional nature of the activities rather than [the prosecutor's] status to determine whether absolute immunity is warranted." *Fogle v. Sokol*, 957 F.3d 148, 159 (3d Cir. 2020) (internal quotation marks and citation omitted). "That functional test separates advocacy from everything else, entitling a prosecutor to absolute immunity only for work intimately associated with the judicial phase of the criminal process." *Id.* at 159-60 (internal quotation marks and citation omitted).

First, as noted, *supra*, Plaintiff alleges that ADA Cullen filed an Information, Plaintiff's counsel had to file a Motion to Compel Discovery, ADA Cullen (or another agent) filed a Petition for Protective Order, Judge Caulfield granted Plaintiff's Motion for Discovery and ordered the Commonwealth to produce the requested materials, and the District Attorney's office entered an order of *nolle prosequi* for the two remaining charges against Plaintiff. (Docket No. 1, ¶¶ 15, 18, 19, 20, 21).

Second, the Court must determine whether those alleged acts served a prosecutorial function. As to filing the Information, when a plaintiff alleges that a prosecutor filed an information or complaint without there being probable cause, or when a plaintiff otherwise alleges that a prosecutor committed a wrongful prosecution, the plaintiff is alleging activity "intimately associated with the judicial phase of the criminal process" for which the prosecutor is entitled to the defense of absolute immunity. *See Fogle v. Sokol*, 957 F.3d at 164 (internal quotation marks and citation omitted). Moreover, the decision whether "to initiate a prosecution is at the core of a

prosecutor's judicial role," and a "prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992).

Furthermore, upon review of the Complaint, the Court finds that all averments regarding ADA Cullen involve actions he allegedly undertook, or decisions he allegedly made, while acting in criminal judicial proceedings on behalf of the Commonwealth and while functioning as an advocate for the Commonwealth in connection with Plaintiff's criminal judicial proceedings. All of these alleged actions constitute "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," to which prosecutorial immunity extends. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Additionally, to the extent Plaintiff alleges a claim of Excessive Bail against ADA Cullen, acts covered by absolute prosecutorial immunity also include making arguments to a district justice or trial court regarding the court's setting of a bail amount. *See Hersh v. Rellehan*, 325 F. Supp. 3d 613, 616 (E.D. Pa. 2018); *see also Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 412 (W.D. Pa. 2015) (citing *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005), and noting that in Pennsylvania "the district justice alone is charged with the responsibility of setting bail").

Regardless, Plaintiff argues that ADA Cullen's Motion should be denied because it is based on a false and unauthenticated record. (Docket No. 21 at 4-5). Plaintiff states that he disputes the authenticity of the documents relied upon by ADA Cullen in his Motion, so the Court cannot consider them on a motion to dismiss. (*Id.* at 2-3, 5). Specifically, Plaintiff asserts that the Court of Common Pleas of Allegheny County docket sheet from his criminal case, which ADA Cullen attached to his Motion, bears no official markings to prove it was ever filed with or generated by

a court. (*Id.* at 1-3). Plaintiff argues that ADA Cullen's entire immunity argument depends on the existence of a legitimate judicial proceeding, and the only evidence offered is a document of contested origin and authenticity, so the motion to dismiss should be denied. (*Id.* at 2-3).

Plaintiff is incorrect in this regard.[7] The docket sheet to which he refers, and which ADA Cullen has attached to his Motion, is incorporated by reference into the Complaint, is alleged by Plaintiff to be integral to his claims, and is a public record in judicial proceedings related to or underlying the present case, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)); *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003). The Court therefore takes judicial notice of said docket sheet in finding that the actions alleged by ADA Cullen in the Complaint, described above, are actions to which prosecutorial immunity extends.

Plaintiff also argues that the prosecution of his underlying criminal case was conducted in bad faith, which precludes ADA Cullen's immunity here. (Docket No. 21 at 3-4). Plaintiff contends that because there were not charges filed, ADA Cullen's alleged actions "seeking a high bail and engaging in motion practice – were not advocacy within a legitimate prosecution," but were instead "acts in furtherance of an ongoing investigation under the guise of a prosecution." (*Id.* at 5). Such unsupported statements – which hint at ADA Cullen's alleged actions being investigative rather than prosecutorial in nature – fail to overcome ADA Cullen's right to prosecutorial immunity. Moreover, as ADA Cullen notes, Plaintiff's statements rely upon his

---

[7] Plaintiff argues that, because he disputes the authenticity of such court documents referenced by ADA Cullen, there is a factual dispute over the record and the Court cannot take judicial notice of the documents. The Court notes, however, that there is no factual dispute in this regard since ADA Cullen has also attached certified copies of the relevant documents, which are also available to the public, and he has identified the Pennsylvania Unified Judicial System public docket access website. (Docket No. 33 at 2).

proffer of a Police Criminal Complaint that failed to include the attached Affidavit of Probable Cause, *see* discussion, *supra*. (Docket No. 33 at 3). Assuming that Plaintiff's failure to include the Affidavit of Probable Cause in his attachment of the Criminal Complaint to the Complaint here was an innocent mistake by a *pro se* plaintiff, and not an effort to mislead the Court, the Court finds that the facts alleged in the Complaint, considered along with the full Criminal Complaint and docket sheet in Plaintiff's underlying state criminal case, show that the alleged actions by ADA Cullen were matters intimately associated with the judicial phase of the criminal process and not investigative matters normally carried out by police officers. As the Court finds that the conduct of ADA Cullen that is alleged in the Complaint is not investigatory as Plaintiff contends, the Court further finds that ADA Cullen may invoke absolute immunity as a complete bar to civil liability for such conduct in this case. *See Harris v. Cashman*, No. 2:20-CV-00528, 2021 WL 602679, at *4 (W.D. Pa. Feb. 16, 2021).

Based on the allegations in the Complaint, and applying the functional test set forth, *supra*, it is clear that Plaintiff's concerns about ADA Cullen's conduct relate to his advocacy in the judicial portion of Plaintiff's criminal case. Plaintiff avers that ADA Cullen filed the Information against him, engaged in discovery disputes, and withdrew claims against him. Even considering the allegations in the Complaint as a whole, along with the Criminal Complaint as a whole and the docket sheet in the underlying criminal case, Plaintiff has not alleged conduct that is investigatory rather than prosecutorial in nature. Because prosecutorial immunity bars any claim against ADA Cullen related to the prosecution of Plaintiff's criminal case, this Court concludes that amendment of such claims would be futile. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (indicating that if a civil rights complaint fails to state a claim, a district court must grant leave to amend unless such amendment would be inequitable or futile). Thus,

Plaintiff's claims against ADA Cullen will be dismissed from this case with prejudice.

## IV. CONCLUSION

For the reasons stated, ADA Cullen's Motion to Dismiss Plaintiff's Complaint will be granted, and Plaintiff's claims against ADA Cullen will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because amendment of such claims would be futile, the dismissal will be with prejudice.

An appropriate Order follows.

Dated: August 27, 2026

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record
Marc Johnson (via U.S. Mail)